## In re Private Tax Sale of Premises 214 Plushmill Road

*James E. DelBello*, for Delaware County Tax Claim Bureau.

*Alfred O. Breinig Jr.*, for Pa. Realty Abstract Company.

*John W. Wellman*, for Township of Nether Providence.

*Frank Shandi*, for Wallingford-Swarthmore School District.

*Frank W. Daly*, for Micheal DiGiacomo.

REED JR., *J.*, August 7, 1986 — The taxing districts of Nether Providence Township and Wallingford-Swarthmore School District have filed objections to a request by the Delaware County Tax Claim Bureau to sell at private sale certain real property known as 214 Plushmill Road, Nether Providence Township, Delaware County, Pa.

This court has sustained these objections, and ordered that a private sale be held with bidding restricted to Pennsylvania Realty Abstract Company and Micheal DiGiacomo with a minimum bid of $33,000. Pa. Realty has appealed this decision to the Commonwealth Court, hence this opinion.

The record owners of this property failed to pay the real estate taxes due the County of Delaware, the Township of Nether Providence and the School District of Wallingford-Swarthmore.

The Tax Bureau then advertised the property at an upset price of $26,647.83. At the sale held on September 9, 1985, the bureau made an error in announcing the upset sale price. The sale price was announced to be $11,313, which was not the correct price.

Pa. Realty was the only party bidding, and it bid the *announced sale price*: $11,313.

The following day, the bureau discovered its error, and notified Pa. Realty that their bid price could not be accepted, since it was insufficient to meet the certified and duly advertised upset sale price.

The bureau's solicitor then advised Pa. Realty that the property would have to be sold as a private offering, and Pa. Realty was free to negotiate with the respective taxing districts for the best deal it could get.

Negotiations began and were ongoing between Pa. Realty and the taxing districts to purchase the property for $20,800 when DiGiacomo made an offer to purchase the property at the then full upset sale price of $28,052.

Pa. Realty countered with a bid of $28,053. However, the bureau had already notified the taxing districts that the property would be sold for the $20,800 the amount Pa. Realty had previously negotiated unless objections were filed.

This notice, that the property was to be sold for $20,800, brought the taxing districts before the court objecting to the amount of this offer. This then brought for our consideration the validity of the upset sale of September 9, 1985; and if found invalid then we would proceed to establish how the property should be sold. We did find the sale invalid, and by our order dated March 25, 1986, directed the

property be sold at private sale, and at a minimum price of $33,000.

As respects the procedure for handling delinquent taxes the law is quite clear in regard to setting the upset sale price. The upset sale price is that price certified to the Tax Claim bureau by the taxing districts of the taxes and other related costs due and owing. *The Real Estate Tax Sale Act* at 72 P.S. §5860.605. Once this price is determined, the act provides:

"[N]o sale of property shall be made by the bureau unless a bid equal to the upset price is made and where sufficient is not bid, the sale shall be continued from month to month without further advertisement for not more than three months in order to give the bureau a chance to sell the property at private sale, or to petition court for an order to sell the same, freed and discharged of all liens as here and after provided."

Here, the upset sale price was not met by the bid of Pa. Realty, even though they admitted that they knew at the time of their bid that the announced upset sale price *was in error*.

The upset sale price therefore not having been met, the sale necessarily must be continued from month to month for a period of three months, to afford the bureau a chance to sell the property at private sale.

When the bureau permitted Pa. Realty to negotiate with the taxing districts it followed the law in affording the districts the opportunity to negotiate an acceptable private sale. These negotiations were then interrupted by DiGiacomo when he bid the full upset sale price.

The sale being invalid, the way was cleared for a price sale under section 5860.613 of the *Real Estate Tax Sale Act*; and properties not sold because of in-

sufficient bid may be sold at private sale:

"(a) At any time after any property has been exposed to public sale and such sale is not sold because no bid was made equal to the upset price, as hereinbefore provided, and whether or not proceedings are initiated pursuant to sections 610 through 612.1, the bureau may, on its own motion, and shall, on the written instructions of any taxing district having any tax claims or tax judgments against said property, agree to sell the property at private sale, at any price approved by the bureau. Notice of the proposed sale, stating the price and the property proposed to be sold, shall be given to each such taxing district and to the owner of the property. The corporate authorities of any taxing district, having any tax claims or tax judgment against the property which is to be sold or the owner may, if not satisfied that the sale price approved by the bureau is sufficient, within 45 days after notice of proposed sale, petition the court of common pleas of the county to disapprove the sale. The court shall, in such case, after notice to each such taxing district, the owner, the bureau and the purchaser, hear all interested parties. After such hearing, the court may either confirm or disapprove the sale as to it appears just and proper. If the sale is disapproved, the court shall at the same time fix a price below which such property shall not be sold."

Now with two interested bidders, (Pa. Realty and DiGiacomo) prepared to purchase the property, it is clearly within the equitable discretion of the court to order bidding in a private sale between the two parties, and further to set the minimum acceptable bid at $33,000, which figure meets with the approval of the taxing districts.

The order of this court in these circumstances was then appropriate.